UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT

---

| | |
|---|---|
| Matthew Hill, | : |
| | : Case No.: 2:24-cv-00547 |
| Plaintiff, | : |
| | : **COMPLAINT** |
| against | : |
| One Tree Planted, Inc., | : |
| | : |
| Defendant. | : |

---

Plaintiff Matthew Hill ("Plaintiff"), by and through his attorneys, Primmer Piper Eggleston & Cramer, P.C., for his Complaint against defendant One Tree Planted, Inc. ("Defendant" or ("OTP"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that: (i) Plaintiff is the owner of certain service marks registered with the United States Patent and Trademark Office under registration numbers: 5803988, 6431349, and 6431379 (the "Marks") and associated intellectual property rights including domain names ("Intellectual Property"); (ii) Defendant owns no rights in the Marks and associated Intellectual Property other than those rights specifically granted by that certain *General Release and Settlement Agreement*, dated April 22, 2023, by and between Plaintiff and Defendant, attached hereto as Exhibit A (the "Agreement") and (iii) the Agreement is valid and enforceable.

2. This action arises out of Defendant's claim that the Agreement is "void and of no effect," thereby rendering Defendant the owner of the "Marks" and associated Intellectual Property. Plaintiff disputes Defendant's claim of ownership of any rights in the Marks and Intellectual Property.

3. Due to Defendant's repeated repudiation of the Agreement, it evidently does not intend to abide thereby, including meeting its payment obligations thereunder.

## JURISDICTION/VENUE

4. Jurisdiction is based on diversity of the parties under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This court also has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6. Further, this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Personal jurisdiction over Defendant is proper in this District because of its presence in this state, it has availed itself of the rights and benefits of the laws of Vermont, and it has conducted business in Vermont.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is incorporated in this district and is subject to personal jurisdiction in this judicial district.

9. Further, per its terms, the Agreement is governed by the laws of the State of Vermont.

## PARTIES

10. Plaintiff is an individual who resides in Montreal, Canada. Plaintiff is a citizen of Canada. Plaintiff is the founder and former CEO of One Tree Planted, Inc.

11. Defendant is a non-profit corporation that is incorporated in Vermont and has its principal place of business in Shelburne, Vermont.

## FACTS
### Plaintiff's Creation & Use of Marks

12. One Tree Planted, Inc. is a non-profit organization dedicated to environmental conservation and restoration by way of planting trees across the globe and protecting wildlife habitats, among other activities. Since it was founded by Plaintiff in 2014, it has experienced exponential growth, becoming an internationally recognized name in business and raising millions of dollars in donations.

13. Plaintiff is the creator of the Marks, the founder of One Tree Planted, Inc., and the former Chief Executive Officer.

14. Plaintiff designed, developed, and paid for the Marks.

15. Plaintiff is the owner of thirty-one domain names associated with One Tree Planted (the "Domain Names"). Each domain name was registered under Plaintiff's own name.

16. Although Plaintiff created and used the Marks, they were registered in the name of the business, One Tree Planted, Inc.

17.     Plaintiff registered the Domain Names in his own name.

## The Agreement

18.     At a meeting of the One Tree Planted U.S. board of directors (the "Board") in April, 2021, the issue was raised that the Marks were originally owned by Plaintiff.  The board unanimously voted to discuss transferring ownership from OTP to Plaintiff.

19.     At the Board's May 2021 meeting, two representatives from law firm Venable LLP attended to explain the implications of transferring ownership of the Marks to Plaintiff.  This discussion was taken up in the context of setting up an exit strategy for Matt Hill as the founder of the organization including as it relates to Executive Compensation and leaving a legacy for his family.  At this meeting, a sub-team of the board was created to evaluate compensation and trademark implications and to provide a proposal relating to the same at the next Board meeting.

20.     By letter dated January 27, 2022, OTP was advised by separate legal counsel that it was legally permissible and appropriate for OTP to enter into an agreement with Plaintiff for the purpose of transferring the Marks to him.

21.     On April 22, 2023, Plaintiff and Defendant executed the Agreement, which provides for, among other things, Plaintiff's ownership of the Marks.

22.     Per the Agreement, Plaintiff paid OTP $20,000 in consideration of the transfer of the Marks.

23.     Per the Agreement, Plaintiff grants Defendant a license to use the Marks so long as Plaintiff continues to receive compensation from OTP as an employee or consultant to OTP.

24. Further, should Plaintiff separate from OTP for any reason, OTP is required to pay Plaintiff 1% of OTP's gross revenues capped at $50 million in gross revenues as an annual royalty.

25. Defendant further executed a Trademark Assignment Recordal Form, formally assigning the Marks to Plaintiff.  Exhibit A to the Agreement ("Assignment").

## Plaintiff's Termination From OTP

26. On May 7, 2024 Plaintiff received a letter from Defendant terminating him from employment with OTP, effective May 6, 2024 (the "Separation Letter").

27. In the Separation Letter, Defendant asserts that the Agreement is "void and of no effect."

28. In subsequent correspondence dated May 15, 2024, counsel for OTP again asserted that the Agreement is "considered void."

29. OTP claims that the Marks and domain names belong to it.

30. Defendant's claims as to the validity of the Agreement and the ownership of the Marks and associated intellectual property are without basis.

31. The Agreement is valid, enforceable and clear on its face as Plaintiff's ownership of the Marks and Defendant's obligation to pay a royalty for their use.

32. Defendant does not own the Marks or related intellectual property and has no rights in the same aside from the license granted in the Agreement.

33. Based on Defendant's rejection of the Agreement and assertion that it owns the Marks, domain names and associated intellectual property, Defendant does not intend to meets its obligation to pay a royalty for its continued use of the Marks.

34. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Agreement and Assignment are enforceable

35. Further, a justiciable controversy exists between Plaintiff and Defendant as to the ownership of the Marks, Domain Names and associated intellectual property.

36. Further, it is clear that Defendant intends to breach the Agreement by failing to honor its obligations thereunder.

## COUNT ONE (Declaratory Judgment of Contract Validity)

37. Plaintiff repeats and realleges paragraphs 1 through 36, as if fully set forth herein.

38. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the Agreement and Assignment entered into between Plaintiff and Defendant are valid and enforceable.

39. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

40. In view of Defendant's threats and allegations, Plaintiff needs and is entitled to a judicial declaration that (i) the Agreement is valid, binding, and enforceable, and (ii) the Assignment is valid, binding, and enforceable, and (iii) Defendant is obligated to pay a royalty to

Plaintiff to maintain its license to continue to use the Marks, Domain Names and associated intellectual property.

41. Absent a declaration to this effect, Defendant will continue to misappropriate the Marks, Domain Names and associated intellectual property thereby causing Plaintiff irreparable injury and damage.

### COUNT TWO (Declaratory Judgment of Trademark Ownership)

42. Plaintiff repeats and realleges paragraphs 1 through 41, as if fully set forth herein.

43. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff owns the Marks and Defendant owns no valid trademark rights in the Marks.

44. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

45. A judicial declaration is necessary and appropriate so that Plaintiff may continue to use the Marks and receive royalties from Defendant's use of the Marks pursuant to the Settlement Agreement.

### COUNT THREE (Anticipatory Breach of Contract)

46. Plaintiff repeats and realleges paragraphs 1 through 45, as if fully set forth herein.

47. On at least two separate occasions, OTP gave Plaintiff written notice that it would not perform the Agreement and totally repudiated it and the Assignment.

48. OTP's repudiation of the Agreement and the Assignment was positive and unequivocal.

49. Having repudiated the Agreement and Assignment, OTP intends to continue to use the Marks, Domain Names, and associated intellectual property, without paying the required royalty for the license specified in the Agreement.

50. At the time of the repudiation by OTP, Plaintiff had performed his obligations under the Agreement.

51. Defendant's repudiation of the Agreement and Assignment damages and will damage Plaintiff both financially for failing to pay the required royalty and in terms of his reputation.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. Adjudging that the Agreement is valid and enforceable;

2. Adjudging the Assignment valid and enforceable;

3. Adjudging that Plaintiff owns the Marks;

4. Adjudging that Plaintiff owns the Domain Names and all associated intellectual property rights;

5. Adjudging that Defendant owns no enforceable trademark rights in Plaintiff's Marks, the Domain Names and associated intellectual property rights aside from those provided for in the Agreement;

6. Adjudging that Defendant is obligated to pay the royalty specified in the Agreement for its continued use of the Marks, Domain Names and associated intellectual property;

7. Awarding Plaintiff damages, according to proof at trial;

8. Awarding Plaintiff his attorney's fees in accordance with the terms of the Agreement, ¶ 9.(e);

9. Awarding Plaintiff his expenses, costs and such other and further relief as this Court deems just and proper.

Dated: May 17, 2024

By: */s/ Gary L. Franklin*
Gary L. Franklin, Esq.
Primmer Piper Eggleston & Cramer P.C.
30 Main Street, Suite 500
P.O. Box 1489
Burlington, VT  05402-1489
Phone: (802) 864-0880
Email: gfranklin@primmer.com

*Attorneys for Matt Hill*