# GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement (this "Agreement") shall be deemed executed upon the last date of execution by all of the undersigned (the "Effective Date"), and is entered into by and between One Tree Planted, Inc., ("OTP"), and Matt Hill, ("Matt Hill"). OTP and Matt Hill are at times hereafter collectively referred to as the "Parties," and each individually, a "Party".

**RECITALS**

**WHEREAS,** OTP is the record holder of the Service Marks registered under U.S. Registration numbers: 5803988; 6431349; and 6431379 ("Marks Registration" and "Marks");

**WHEREAS**, the parties acknowledge that Matt Hill designed, developed and paid for the Marks entirely on his own;

**WHEREAS,** the parties acknowledge and agree that it was at all times the intention of all the parties involved with the formation of OTP at that time that Matt Hill individually would continue to own and hold all rights to the Marks and associated intellectual property;

**WHEREAS**, the Marks' trademark applications were filed in the name of OTP as an organization rather than Matt individually;

**WHEREAS,** Such action was not approved by the OTP Board of Directors;

**WHEREAS**, the Marks have acquired value as the organization has grown;

**WHEREAS,** the OTP Board of Directors have determined a current fair value for the Marks by fair and appropriate method of valuation, with said methodology reasonably determined by the increase in value of the logo/marks based on the time period between the Marks' registration by OTP and the execution of this Agreement;

**WHEREAS,** the Parties wish to settle claims and matters that could have been litigated or asserted, without any admission of liability, as of the Effective Date, in the interest of conserving resources, time, fees and costs in connection with the resolution of claims, matters and otherwise; and

**NOW, THEREFORE,** in consideration of the mutual releases, promises, covenants, representations, and warranties contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

**AGREEMENT**

1. The Parties have signed the Trademark Assignment Recordal Forms attached to this agreement as <u>Exhibit A.</u>

2. Upon execution of this Agreement and receipt of the payment for acquired value specified in Section 5.A. below, OTP shall file the Trademark Assignment Recordal Forms with the U.S. Patent and Trademark Office's Assignment Recordation Branch and forward a copy of the filing receipt to counsel for Matt Hill.

3. Each Party hereby agrees to release the other Party, its affiliates, subsidiaries, holding companies and other entities within its control, successors and assigns, and all officers, directors, employees, agents, representatives, third party vendors, insurers and attorneys, from any and all claims, causes of action or demands of any kind or nature whatsoever which arise from use of the Marks on and in association with OTP products or services and which existed prior to the Effective Date of this Agreement.

4. OTP agrees not to oppose or otherwise challenge Matt Hill's use of, trademark applications, or registrations for the Marks, or any marks containing a variation of the Marks.

5. In consideration of the above, Matt Hill agrees to:
    A. pay OTP $ 20,000 USD based upon the following:
        i. The Parties understanding and acknowledgement that the Marks acquired value as the organization has grown;
        ii. The current fair value for the Marks has been determined to be based on a fair and appropriate method of valuation determined by the increase in value of the Marks based on the time period between the Marks registration by OTP.

    B. provide a royalty free, paid-up, worldwide, unlimited, sublicensable, irrevocable (except as expressly provided for herein), non-exclusive right and license to OTP to use the Marks so long as Matt Hill continues to receive compensation as an employee, or consultant to OTP; and

    C. provide upon separation (either by resignation, retirement, death, termination by the board of directors or other separation event) of Matt Hill from OTP, a remunerated, worldwide, unlimited, sublicensable, irrevocable, non-exclusive right and license to OTP



to use the Marks subject to an annual royalty amount equivalent to 1% of OTP's gross revenues capped at $50 million in gross revenues.

6. OTP and Matt Hill agree and acknowledge that the terms of this Agreement shall remain confidential except as required under operation of law, or as necessary to enforce the terms of this Agreement.

7. <u>Representations, Warranties, and Covenants</u>. Each Party hereby represents and warrants to and covenants to the other Party that such Party (a) has read and understands this Agreement, including the release set forth herein, and has entered into it voluntarily and without coercion; (b) has been advised, and has had the opportunity, to consult with legal counsel of its choosing with respect to this Agreement and the matters contemplated hereby; (c) is entering into this Agreement based upon its own investigation and is not relying on any representations or warranties of the other Party or any other person not set forth herein; (d) has not assigned or otherwise transferred any interest in any Claim which it may have against any of the Releasees; (e) acknowledges that it is entering into this Agreement with full knowledge and understanding that in exchange for the benefits to be received as described herein, it is giving up certain valuable rights that such Party may now have or may later acquire; (f) has the legal authority to enter into this Agreement and perform its obligations hereunder; and (g) has duly executed this Agreement, and such Agreement constitutes the valid and binding obligation of such Party, enforceable against it in accordance with its terms, except as such enforceability may be limited by bankruptcy or similar laws affecting creditors rights generally and general principles of equity. In addition, Matt Hill represents and warrants that there is no other person or entity that owns or holds any rights in connection with or related to the Claims released in this Agreement.

8. <u>No Admission</u>: The Parties agree that this Agreement and its contents, and any and all statements, negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations or any other action or proceeding.

9. <u>Miscellaneous</u>.

    (a) <u>Severability</u>. In the event that any provision of this Agreement is held to be void, voidable, or unenforceable, it shall be severed from this Agreement and the remaining portions hereof shall remain in full force and effect.

    (b) <u>Modification; Waiver</u>. This Agreement may not be amended or modified in any respect except by an instrument in writing signed by all Parties. No provision of this Agreement



may be waived, except in writing executed by the Party entitled to enforcement of such provision. The failure of any Party to require strict performance with any provision of this Agreement shall not be construed as a waiver.

(c) <u>Transfer</u>. No Party shall assign or transfer this Agreement or any rights or obligations hereunder (except as expressly provided for herein) without the prior written consent of the other Party, and any attempt of assignment or transfer without such consent shall be void.

(d) <u>Survival of Representations and Warranties</u>. The representations and warranties in this Agreement shall survive the Effective Date in perpetuity.

(e) <u>Attorney's Fees in the Event of Dispute</u>. If any legal action, dispute, or other proceeding arises or is commenced to interpret, enforce or recover damages for the breach of any term of this Agreement, the prevailing Party shall be entitled to recover from the non-prevailing Party all of its fees and costs in connection therewith, including, without limitation, its attorneys' fees and costs and costs of suit.

(f) <u>Participation in Drafting</u>. Each Party has participated in, cooperated in, or contributed to the drafting and preparation of this Agreement. In any construction of this Agreement, the same shall not be construed for, or against, any Party, but shall be construed fairly according to its plain meaning.

(g) <u>Execution of Further Documents</u>. Each Party hereto will execute all further and additional documents and take all further actions as may reasonably be necessary to effectuate and carry out the provisions of this Agreement.

(h) <u>Counterparts; Facsimile/Electronic Signatures</u>. This Agreement may be executed in counterparts and delivered by facsimile or via electronic means such as PDF, and each such counterpart and/or facsimile/electronic signature shall be deemed to be an original, and all of which when taken together shall constitute one executed agreement.

(i) <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding of the Parties concerning the subject matter hereof and supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral, between the Parties related to this Action. Each Party acknowledges that neither the other Party, nor any agent or attorney of the other Party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof to induce it to execute this instrument, and acknowledges that it is not executing this Agreement in reliance on any such promise, representation or warranty not contained herein.

(j) <u>Governing Law; Jurisdiction; Venue</u>. This Agreement shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws of the State of Vermont, without regard to conflict of law provisions.

IN WITNESS WHEREOF, the Parties have each approved and executed this Agreement as of the Effective Date. April 22, 2023

By: Matt Hill

Name:

_____ *(signature)*

Title: President

By: One Tree Planted, Inc.

Name: William Russell

_____ *(signature)*

Title: Board Director

**Exhibit A**

Trademark Assignment Recordal Form

**ASSIGNMENT OF TRADEMARKS**

The undersigned, One Tree Planted, Inc. is a 501(c)(3) non-profit registered public charity (Tax ID #46-4664562), located at 145 Pine Haven Shores Road, suite 1000D, Shelburne, VT, 05482, USA ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, received from Matt Hill, an individual, having an address at 5403 Coolbrook, Montreal ("Assignee"), on this 1st day of August 2022, does hereby assign, transfer, deliver and set over to Assignee and Assignee's successors and assigns forever, and Assignee hereby acquires from Assignor, all of Assignor's right, title and interest in and to:

the U.S. trademarks, service marks, trade names, logos, insignias, designs and other proprietary interests therein, including, without limitation, all registrations and applications for registration therefor listed below, together with the whole of the good will of the business associated therewith, (the "Trademarks").

Registration numbers: 5803988; 6431349; and 6431379 for One Tree Planted, Inc.

Said Trademarks to be held and enjoyed by Assignee, for its own use and enjoyment, and for the use and enjoyment of its successors and assigns forever, at common law and/or to the end of the term or terms for which registration of the said Trademarks may be granted, or renewed, as fully and entirely as the same would have been held and enjoyed by Assignor had the assignment set forth herein not been made; together with all causes of action and the proceeds thereof in favor of Assignor heretofore accrued or hereafter accruing by reason of past infringement, dilution, misappropriation or other violation of the Trademarks, with the right to sue and collect damages for its own use and benefit, and for the use and on behalf of its successors or assigns.

From and after the date hereof, Assignor shall, upon request and at the expense of Assignee, but without further consideration, do, execute, acknowledge, deliver and file, or shall cause to be done, executed, acknowledged, delivered and filed, all such further acts, deeds, transfers, conveyances, assignments or assurances as may be reasonably requested by Assignee to transfer, convey and assign to Assignee possession and use of the Trademarks to comply with all applicable legal requirements to effect such transfers, conveyances and assignments.

One Tree Planted, Inc.

By: _William Russell_

Name: _William Russell_

Title: _Board Director_

Date: _April 22, 2023_

Matt Hill

By: _[signature]_

Name: _Matt Hill_

Title: _President_

Date: _April 22, 2023_