**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT**

```
-------------------------------------------------   X
        Matthew Hill,                               :
                                                    :    Case No.:  2:24-cv-00547-gwc
                               Plaintiff,           :
                     v.                             :
                                                    :
        One Tree Planted, Inc.,                     :
                                                    :
                               Defendant.           :
-------------------------------------------------   X
```

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff, Matthew Hill ("Plaintiff") by and through his attorneys, Primmer Piper Eggleston & Cramer PC, hereby answers Defendant One Tree Planted, Inc.'s ("Defendant" or "OTP") Counterclaims in the above-captioned matter as follows.

**GENERAL DENIAL**

Except as expressly admitted, qualified, or explained, Plaintiff denies each and every allegation in Defendant's Counterclaim.

**SPECIFIC RESPONSES**

**THE PARTIES**

1.      Admits.

2.      Admits.

## JURISDICTION AND VENUE

3.      Paragraph 3 states a legal conclusion to which no response is required; however, Plaintiff does not dispute the Court's jurisdiction.

4.      Paragraph 4 states a legal conclusion to which no response is required; however, Plaintiff does not dispute the Court's jurisdiction.

5.      Admits.

6.      Denies as stated and denies that Plaintiff caused any harm to Defendant Counter-Claimant.  Otherwise, states that paragraph 6 states a legal conclusion to which no response is required; however, Plaintiff does not dispute venue.

## FACTUAL BACKGROUND

7.      Admits.

8.      Denies knowledge or information sufficient to admit or deny the allegations of paragraph 8 since May 1, 2024 when Plaintiff was terminated from OTP; otherwise does not dispute the allegations.

9.      Denies knowledge or information sufficient to admit or deny the allegations of paragraph 9 since May 1, 2024 when Plaintiff was terminated from OTP; otherwise does not dispute the allegations.

10.      Denies that all projects are large-scale.  Furthermore, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024; otherwise admits.

11.      Denies that all projects had the same intended benefit.  Furthermore, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024; otherwise admits.

12.     Denies that all projects had the same intended benefit.  Furthermore, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024; otherwise admits.

13.     Admits urban forestry projects can help maintain the health of cities and their inhabitants, but lacks knowledge or information sufficient to admit or deny whether such projects are "essential."   Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 2024.

14.     Admits this is an accurate statement until May 1, 2024. Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024.

15.     Denies.

16.     Admits.

17.     Denies.

18.     Denies.

19.     Denies.  Plaintiff stepped down as President effective November 27, 2023 but remained as Founder, Chief Environmental Evangelist, and Board Director.

20.     Denies.

**Alleged Misappropriation of One Tree Planted's Operational Accounts**

21.      Admit this is an accurate statement until May 1, 2024, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024.

22.     Denies.

23.     Denies, except admits that the domain names in Exhibit 1 were registered by Plaintiff.

24.     Admits.

25.     Admits.

26.     Admits although denies any wrongdoing.

27.     Denies.

28.     Admits that Plaintiff removed Defendant's access to the Domain Names, but denies any wrongdoing.

29.     Admits.

30.     Admits.

31.     Admits assuming this allegation refers to access to the Domain Names.

32.     Denies.

33.     Denies.

34.     Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 34.

35.     Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 35.

36.     Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 36.

37.     Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 37.

38.     Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 38.

39.     Admits that Plaintiff has not transferred the Domain Names.  Plaintiff has transferred the Operational Accounts.

40.     Denies.

41.     Denies, however, admits that Plaintiff transferred the Operational Accounts.

42.     Admits that Plaintiff continues to hold the Domain Names and denies any wrongdoing.

## Alleged Misappropriation of Company Funds

43.     Denies.

44.     Denies.

45.     Denies.  Further, Plaintiff states that Plaintiff never claimed the funds in the account and the account was transferred to OTP.

46.     Denies.

47.     Denies.

48.     Denies, however, admits that the account was transferred to OTP.

49.     Denies.

50.     Denies any wrongdoing by Defendant or that any funds were misappropriated.  The funds were promptly returned unilaterally.

51.     Denies any wrongdoing by Defendant or that any funds were misappropriated.  The funds were promptly returned unilaterally.

52.     Denies any wrongdoing by Defendant or that any funds were misappropriated. The funds were promptly returned unilaterally.

53.     Denies.

54.     Admits.

55.     Denies.

56.     Denies.

57.     Denies.

58.     Denies.

59.     Denies.

60.     Denies.

61.     Denies.

62.     Denies

63.     Denies.

64.     Denies.

65.     Deny as stated.  Admit only that Defendant removed Plaintiff's authorization to issue payments and further states that Plaintiff was confirmed as President and founder of OTP in September 2023.

66.     Denies.

67.     Denies.

68.     Denies.

69.     Denies, except admits to reaching out to OTP's counsel.

70.     Denies.

71.     Denies.

72.     Admits.

73.     Admits.

74.     Denies.

75.     Denies as stated and denies any wrongdoing.  The invoice was incorrectly invoiced to "9457-0918 Quebec Inc. d.b.a. One Tree Planted" and was never charged to or paid by Defendant.

76.     Denies.

77.     Admits.

**Alleged Breach of Fiduciary Duties**

78.     Denies.

79.     Admits.

80.     Admits.

81.     Denies.

82.     Denies.

83.     Denies.

84.     The allegations in paragraph 84 are incomprehensible and are denied.

85.     Denies.  The referenced marks were assigned.

86.     Denies.

87.     The allegations in paragraph 87 are incomprehensible and are denied.

88.     Denies.  The referenced marks were assigned.

89.     Denies.

90.     Denies.

91.     Admits.

92.     Admits.

93.     Admits.

94.     The allegations are incomprehensible as the entity referenced is not fully identified.
Plaintiff denies that he was not authorized to assign the referenced Marks.

95.     Plaintiff denies that he was not authorized to assign the referenced Marks and,
otherwise, admits that the Marks were assigned.

96.     Denies.

97.     The referenced documents are not adequately identified and the allegations are therefore denied.

98.     Admits.

99.     Admits.

100.    Denies.

101.    Denies.

102.    Denies.

## First Counterclaim - Fraud

103.    Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

104.    Admits.

105.    Admits.

106.    Denies.

107.    Denies.

108.    Denies.

109.    Denies.

110.    Denies.

111.    Denies.

112.    Denies.

113.    This allegation is unintelligible.  Otherwise, denies.

114.    Denies.

## Second Counterclaim – Conversion

115.   Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

116.   Calls for legal conclusion, therefore denies.

117.   Denies.

118.   Denies.

119.   Admits proceeds have not been turned over and denies any wrongdoing by Plaintiff.

120.   Denies.

## Third Counterclaim – Unjust Enrichment

121.    Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

122.   Denies.

123.   Denies.

124.   Denies.

125.   Denies.

## Fourth Counterclaim – Breach of Fiduciary Duty

126.    Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

127.   Admits Plaintiff served as CEO from on or about January 2014 until at least August 2023.

128.   Admits that Plaintiff served as President from on or about January 2014 until he stepped down from his role effective November 27, 2023.

129.    Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 129.

130.    Admits.

131.    This paragraph calls for a legal conclusion to which no response is required; otherwise, Plaintiff generally admits to owing a fiduciary duty to OTP.

132.    This paragraph calls for a legal conclusion to which no response is required; otherwise, Plaintiff generally admits to owing a fiduciary duty to OTP.

133.    This paragraph calls for a legal conclusion to which no response is required; otherwise, Plaintiff generally admits to owing a fiduciary duty to OTP.

134.    Denies.

135.    Denies.

136.    Denies.

137.    Denies.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
**(Failure to State a Claim)**

Defendant's Counterclaims against Plaintiff fail to state a claim for which relief can be granted.

### Second Affirmative Defense
**(Consent)**

Defendant's Counterclaims against Plaintiff are barred because Defendant consented to Plaintiff's actions.

### Third Affirmative Defense
**(Unclean Hands)**

Defendant's Counterclaims are barred as Defendant has unclean hands given its failure to recognize the Agreement, lack of cooperation, and overall bad faith.

### Fourth Affirmative Defense
**(Accord & Satisfaction)**

Plaintiff has already paid to Defendant all sums due and owing therefore Defendant has agreed to the terms between the parties and suffered no actual injury.

### Fifth Affirmative Defense
**(Breach of Fiduciary Duties)**

Defendant, by its conduct and actions and/or the conduct and actions of its agents and servants, breached its fiduciary duties to One Tree Planted, and thereby cannot recover in this action.

### Sixth Affirmative Defense
**(Lack of Standing)**

Defendant lacks standing to assert one or more Counterclaims in this action.

### Seventh Affirmative Defense
**(Estoppel)**

Defendant, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against Plaintiff.

### Eighth Affirmative Defense
**(Acquiescence)**

Defendant's Counterclaims are barred, in whole or in part, by the equitable doctrine of acquiescence because Defendant led Plaintiff to believe that it had no objection to Plaintiff's authority, actions and ownership and assignment of the Trademarks.

**Ninth Affirmative Defense**
**(Waiver)**

Defendant, by its conduct and actions or the conduct and actions of its agents and servants, has waived some or all rights it may have against Plaintiff, and, therefore, Defendant cannot recover in this action.

**Tenth Affirmative Defense**
**(Failure to Plead Fraud with Particularity)**

Defendant's Counterclaims for fraud are barred because it failed to plead fraud with particularity.

**Eleventh Affirmative Defense**
**(Breach of Contract)**

Defendant breached the terms and conditions of the Agreement alleged, and, therefore, cannot thereby recover.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.   That the Court dismiss Defendant's Counterclaims with prejudice;

B.   That the Court grant the relief prayed for in the Complaint;

C.   That Plaintiff recover reasonable fees, expenses, and costs; and

D.   Such other and further relief as the Court may deem just and proper.

Dated:  August 16, 2024.

PRIMMER PIPER EGGLESTON & CRAMER PC

By:   */s/ Gary Franklin*
      Gary Franklin, Esq.
      30 Main Street, Suite 500
      P.O. Box 1489
      Burlington, VT  05402-1489
      Phone: (802) 864-0880
      Email: gfranklin@primmer.com

      *Attorneys for Matthew Hill*