## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT (BURLINGTON)

| | |
|---|---|
| MATTHEW HILL and ONE TREE LLC<br><br>　　　　Plaintiffs,<br><br>v.<br><br><br>ONE TREE PLANTED, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO.  2:24-cv-00547-gwc |

## <u>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>

　　　　Defendant and Counterclaimant-Plaintiff One Tree Planted, Inc. ("One Tree Planted"), by and through its attorneys, hereby responds by way of Answer, Affirmative Defenses and Counterclaims to Plaintiffs One Tree LLC and Matthew Hill's ("Plaintiffs") Amended Complaint [ECF 31] as follows[1]:

## PRELIMINARY STATEMENT

　　　　1.　　　　Paragraph 1 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and argument to which no response is required. To the extent any response is required, One Tree Planted denies that Plaintiffs are the owners of U.S. Registration Nos. 5803988, 6431349, and 6431379. One Tree Planted further denies the validity or enforceability of the document attached as Exhibit A to the Amended Complaint. One Tree Planted denies all other allegations of paragraph 1.

---

[1] For convenience, this Answer references the section titles listed within the Amended Complaint but does not concede the relevancy of and expressly denies the titles to the extent any of the titles can be considered an allegation in this case.

2.      One Tree Planted admits that the document attached to the Amended Complaint as Exhibit A is void and of no effect. One Tree Planted admits that One Tree Planted is the owner of U.S. Registration Nos. 5803988, 6431349, and 6431379. One Tree Planted lacks information sufficient to admit or deny the remaining allegations of paragraph 2 of the Amended Complaint, and therefore denies such allegations on that basis.

3.      One Tree Planted denies the validity of the documents attached to the Amended Complaint as Exhibit A. One Tree Planted denies it has any payment obligations under Exhibit A to the Amended Complaint. One Tree Planted denies all other allegations of paragraph 3.

**JURISDICTION/VENUE**

4.      Paragraph 4 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and argument to which no response is required. To the extent any response is required, One Tree Planted states that it does not currently contest the Court's subject matter jurisdiction over this action.

5.      Paragraph 5 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and argument to which no response is required. To the extent any response is required, One Tree Planted states that it does not currently contest the Court's subject matter jurisdiction over this action.

6.      Paragraph 6 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and argument to which no response is required. To the extent any response is required, One Tree Planted states that it does not currently contest the Court's subject matter jurisdiction over this action.

7.      Paragraph 7 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and arguments to which no response is required. To the

extent any response is required, One Tree Planted states that it does not contest the Court's personal jurisdiction.

8.      Paragraph 8 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and arguments to which no response is required. To the extent any response is required, One Tree Planted states that it does not currently contest that venue is proper.

9.      One Tree Planted denies the validity or enforceability of the document attached as Exhibit A to the Amended Complaint, and on that basis denies the allegations of paragraph 9.

## PARTIES

10.     One Tree Planted admits that Plaintiff Matt Hill is the founder and former CEO of One Tree Planted, Inc. One Tree Planted lacks information sufficient to admit or deny the remaining allegations of paragraph 10 of the Amended Complaint, and therefore denies such allegations on that basis.

11.     One Tree Planted lacks information sufficient to admit or deny the allegations of paragraph 11 of the Amended Complaint, and therefore denies such allegations on that basis.

12.     Admit.

## FACTS

### Plaintiff's Creation & Use of Marks

13.     Admit.

14.     Defendant admits Plaintiff Matt Hill founded One Tree Planted, Inc. and is the former Chief Executive Officer. One Tree Planted lacks information sufficient to admit or deny the remaining allegations of paragraph 14 of the Amended Complaint, and therefore denies such allegations on that basis.

15.      One Tree Planted denies Plaintiff Matt Hill paid for U.S. Registration Nos. 5803988, 6431349, and 6431379. One Tree Planted lacks information sufficient to admit or deny the remaining allegations of paragraph 15 of the Amended Complaint, and therefore denies such allegations on that basis.

16.      One Tree Planted lacks information sufficient to admit or deny the allegations of paragraph 16 of the Amended Complaint, and therefore denies such allegations on that basis.

17.      One Tree Planted admits U.S. Registration Nos. 5803988, 6431349, and 6431379 were registered in the name of One Tree Planted, Inc. One Tree Planted denies all other allegations of paragraph 17.

18.      One Tree Planted lacks information sufficient to admit or deny the allegations of paragraph 18 of the Amended Complaint, and therefore denies such allegations on that basis.

**The Agreement**

19.      One Tree Planted admits a meeting of the board occurred in April 2021. One Tree Planted lacks information sufficient to admit or deny the allegations of paragraph 19 of the Amended Complaint, and therefore denies such allegations on that basis.

20.      One Tree Planted admits a meeting of the board occurred in May 2021. One Tree Planted lacks information sufficient to admit or deny the allegations of paragraph 20 of the Amended Complaint, and therefore denies such allegations on that basis.

21.      One Tree Planted admits that it received a January 27, 2022 letter from Hurwit & Associates, and further answering states that the January 27, 2022 letter should be referred to for the full expression of its terms. One Tree Planted denies all other allegations of paragraph 21.

22.      One Tree Planted admits that the document attached to the Amended Complaint as Exhibit A was purportedly signed by Plaintiff Matt Hill and an individual named William

Russell on April 22, 2023. One Tree Planted denies that William Russell was ever an authorized signatory of One Tree Planted. One Tree Planted denies that William Russell was an authorized signatory of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies all other allegations of paragraph 22.

23.     One Tree Planted admits Plaintiff Matt Hill paid One Tree Planted $20,000 on or about August 18, 2022. One Tree Planted denies all other allegations of paragraph 23.

24.     One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies all other allegations of paragraph 24.

25.     One Tree Planted denies the allegations of paragraph 25.

26.     One Tree Planted admits that the document attached to the Amended Complaint as Exhibit A includes the initials "WR" and is dated August 1, 2022. One Tree Planted denies that William Russell was ever an authorized signatory of One Tree Planted. One Tree Planted denies that William Russell was an authorized signatory of the document attached to the Amended Complaint as Exhibit A.  One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies all other allegations of paragraph 26.

27.     One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies all other allegations of paragraph 27.

28.     One Tree Planted denies the allegations of paragraph 28.

29.     One Tree Planted denies that One Tree LLC has any lawful, valid ownership interest in any rights or title to U.S. Registration Nos. 5803988, 6431349, and 6431379. One Tree Planted denies all other allegations of paragraph 29.

## Plaintiff's Termination From OTP

30.     One Tree Planted admits that it sent a letter to Plaintiff Matt Hill informing him of his termination on May 7, 2024. One Tree Planted lacks information sufficient to admit or deny the remaining allegations of paragraph 30 of the Amended Complaint, and therefore denies such allegations on that basis.

31.     Admit.

32.     Admit.

33.     Admit.

34.     One Tree Planted denies the allegations of paragraph 34.

35.     One Tree Planted denies the allegations of paragraph 35.

36.     One Tree Planted denies the allegations of paragraph 36.

37.     One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies that it owes any obligation to Plaintiffs. One Tree Planted denies all other allegations of paragraph 37.

38.     Paragraph 38 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and arguments to which no response is required. To the extent any response is required, One Tree Planted states that it does not currently contest that a controversy exists between Plaintiffs and One Tree Planted.

39.     Paragraph 39 of the Amended Complaint does not contain any factual allegations but instead contains legal conclusions and arguments to which no response is required. To the extent any response is required, One Tree Planted states that it does not currently contest that a controversy exists between Plaintiffs and One Tree Planted.

40.      One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies that it owes any obligation to Plaintiffs. One Tree Planted denies all other allegations of paragraph 40.

### COUNT ONE (Declaratory Judgment of Contract Validity)

41.      One Tree Planted repeats and realleges the responses to paragraphs 1 through 40 of the Amended Complaint above as if fully set forth herein.

42.      One Tree Planted denies the allegations of paragraph 42 of the Amended Complaint.

43.      Admit.

44.      One Tree Planted denies the allegations of paragraph 44 of the Amended Complaint.

45.      One Tree Planted denies the allegations of paragraph 45 of the Amended Complaint.

### COUNT TWO (Declaratory Judgment of Trademark Ownership)

46.      One Tree Planted repeats and realleges the responses to paragraphs 1 through 45 of the Amended Complaint above as if fully set forth herein.

47.      One Tree Planted denies the allegations of paragraph 47 of the Amended Complaint.

48.      Admit.

49.      One Tree Planted denies the allegations of paragraph 49 of the Amended Complaint.

### COUNT THREE (Anticipatory Breach of Contract)

50.     One Tree Planted repeats and realleges the responses to paragraphs 1 through 49, as if fully set forth herein.

51.     One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted admits that it provided written notice to Plaintiff Matt Hill denying the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies all other allegations of paragraph 51.

52.      One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies all other allegations of paragraph 52.

53.     One Tree Planted denies the validity of the document attached to the Amended Complaint as Exhibit A. One Tree Planted denies that it is required to pay any royalty for use of its intellectual property. One Tree Planted admits that it intends to, and is entitled to, continue to use its intellectual property. One Tree Planted denies all other allegations of paragraph 53.

54.     One Tree Planted denies the allegations of paragraph 54 of the Amended Complaint.

55.     One Tree Planted denies the allegations of paragraph 55 of the Amended Complaint.

**PRAYER FOR RELIEF**

One Tree Planted denies each and every allegation, inference, and/or demand in Plaintiffs' prayer for relief.

**<u>AFFIRMATIVE DEFENSES</u>**

One Tree Planted asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available and additional defenses become apparent.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiffs' claims are barred by the doctrine of estoppel, laches, waiver, and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

### (No Valid Contract)

Plaintiffs' claims for breach of contract fail because Plaintiffs fail to allege the existence of a valid contract between One Tree Planted and Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Acceptance)

One Tree Planted asserts that no contract was formed because it never explicitly or through its own actions accepted the agreement or certain terms of the agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

One Tree Planted asserts that there is no contractual relationship or agreement between Plaintiffs and One Tree Planted, specifically, One Tree Planted never entered into the agreement alleged in the Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fraud, Deceit, or Misrepresentation)

One Tree Planted asserts that Plaintiffs obtained consent to the alleged agreement through fraud, deceit, or misrepresentation by Plaintiffs, and that as result the purported agreement is invalid.

## OTHER AFFIRMATIVE DEFENSES

One Tree Planted hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

## COUNTERCLAIMS

## THE PARTIES

1.      Counter-Plaintiff One Tree Planted, Inc. ("One Tree Planted") is a Vermont non-profit corporation with its principal place of business at 145 Pine Haven Shores Rd #1000D Shelburne, Vermont, 05482, US.

2.      Counter-Defendant Matthew Hill is an individual ("Counter-Defendant Hill"). Upon information and belief Matthew Hill is a citizen of Canada and resides in Montreal, Canada.

3.      Upon information and belief, Counter-Defendant One Tree LLC is a limited liability company organized under the laws of Colorado, with a principal place of business at 3900 E Mexico Ave Ste. 300, Denver CO 80210.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over One Tree Planted's Counterclaims pursuant to 28 U.S.C. § 1367 as One Tree Planted's Counterclaims are so related to Plaintiffs'

claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

5.       Personal jurisdiction is proper because Counter-Defendants Matt Hill and One Tree LLC (together, "Counter-Defendants") have consented to this Court's jurisdiction by the filing of the Amended Complaint.

6.       Additionally, personal jurisdiction is proper in this judicial district because Counter-Defendants have continuous, systematic, and substantial contacts within Vermont. Counter-Defendant Matt Hill served as the Chief Executive Officer of One Tree Planted for a period of ten years. Moreover, Counter-Defendants have purposefully availed themselves of the benefits and protections of both United States and Vermont law such that the exercise of jurisdiction over Counter-Defendants would comport with due process requirements.

7.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to One Tree Planted's Counterclaims have occurred in this judicial district, and a substantial part of the harm caused by Counter-Defendants have occurred in this judicial district.

## FACTUAL BACKGROUND

### One Tree Planted's Business

8.       One Tree Planted is a non-profit organization dedicated to global reforestation. It is recognized by the Internal Revenue Service as exempt from federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (the "Code"), and classified as a public charity under Sections 509(a)(1) and 170(b)(1)(A)(vi) of the Code.

9.      Since 2014, One Tree Planted has planted over 135.5 million trees with 378 partners across 82 countries in North America Latin America, Africa, Asia, Europe and the Pacific.

10.      One Tree Planted is committed to raising awareness about environmental matters including conservation, sustainability, climate change, biodiversity, air quality, and the impact of trees on the environment.

11.      One Tree Planted works with local planting partners in more than seventy countries, across diverse ecosystems, to fund large-scale, high-impact reforestation projects.

12.      One Tree Planted's reforestation projects are funded for the benefit of forest restoration, biodiversity, conservation, ecological restoration, and agroforestry.

13.      One Tree Planted's restoration projects also provide local community benefits such as improving local health, supporting indigenous project ownership, and encouraging sustainable income generation.

14.      One Tree Planted also supports urban forestry projects that are essential to maintaining the health of cities and their inhabitants.

15.      One Tree Planted's Urban Forestry Action Fund is an international portfolio of high-impact urban forestry projects that address environmental justice issues and help communities achieve tree equity.

16.      One Tree Planted is committed to making it simple for anyone to help the environment.

17.      Counter-Defendant Hill is the founder and former Chief Executive Officer, former President, and former Director of One Tree Planted.

18.     During Counter-Defendant Hill's tenure he engaged in self-dealing, misappropriation of company assets, and fraud.

19.     On or about August 2023 Counter-Defendant Hill was removed as Chief Executive Officer of One Tree Planted.

20.     On or about November 2023 Counter-Defendant Hill was removed as President of One Tree Planted.

21.     Effective May 6, 2024, Counter-Defendant Hill was terminated from One Tree Planted Canada, Inc. for cause due to a breach of the duty of loyalty, gross insubordination, and misappropriation of company property.

**Counter-Defendant Hill's Misappropriation of One Tree Planted's Operational Accounts**

22.     One Tree Planted uses various operational accounts in connection with its business including, but not limited to, Stripe, SAM.gov, Meta (Instagram and Facebook), and Shopify, (collectively the "Operational Accounts").

23.     The Operational Accounts were opened at the behest of One Tree Planted and paid for using One Tree Planted funds.

24.     Counter-Defendant Hill registered domain names through the Registrar GoDaddy in his own name without One Tree Planted's authorization. A list of the registered domains names is attached as **Exhibit 1** (the "Domain Names").

25.     Although One Tree Planted previously could login and view the Domain Names, One Tree Planted did not have access to the multi-factor authentication for the Domain Names and could not make changes to the Domain Names.

26.     The multi-factor authentication for the Domain Names is maintained and controlled by Counter-Defendant Hill.

27.     In August 2023 One Tree Planted's Board instructed Counter-Defendant Hill to transfer the Operational Accounts and the Domain Names to the One Tree Planted's IT infrastructure pending a transition of executive management.

28.     Counter-Defendant Hill did not transfer the Operational Accounts or the Domain Names to One Tree Planted's IT infrastructure.

29.     On or about July 22, 2024 Counter-Defendant Hill removed One Tree Planted's access to the Domain Names entirely.

30.     On or about July 22, 2024 One Tree Planted requested Counter-Defendant Hill return access to One Tree Planted.

31.     On or about July 23, 2024 Counter-Defendant Hill advised he would "look into this."

32.     As of the time of this filing Counter-Defendant Hill improperly retains registration, ownership, and control of the One Tree Planted Domain Names.

33.     On February 29, 2024, Counter-Defendant Hill performed an unauthorized incursion into One Tree Planted's electronic systems which would allow for the diversion of confidential information to accounts that Counter-Defendant Hill set up to feed to his personal email.

34.     Counter-Defendant Hill's incursion to set up the option to divert electronic accounts outside of One Tree Planted's IT infrastructure was a direct violation of One Tree Planted's IT Security Policies.

35.     Following a formal vote and approval, on March 21, 2024, the Board of Directors of One Tree Planted explicitly directed Counter-Defendant Hill to transfer the Operational Accounts and Domain Names to One Tree Planted or be terminated for cause.

36.     The resolution was later revised.

37.     The revised resolution was approved by the Board of Directors of One Tree Planted, Inc. on April 29, 2024.

38.     The revised resolution was approved by the Board of Directors of One Tree Planted Canada, Inc. on May 2, 2024.

39.     The revised resolution provided a final deadline of May 6, 2024 at 9:00AM EST for the transfer of the Operational Accounts and Domain Names.

40.     Counter-Defendant Hill still did not transfer the Operational Accounts or Domain Names.

41.     Effective May 6, 2024 Counter-Defendant Hill was terminated from One Tree Planted Canada for cause.

42.     After extensive efforts by One Tree Planted, One Tree Planted was either able to regain account ownership through its own efforts or Counter-Defendant Hill eventually conceded ownership and transferred account ownership of the Operational Accounts to its rightful owner, One Tree Planted.

43.     Counter-Defendant Hill continues to refuse to transfer full control of One Tree Planted's Domain Names to One Tree Planted despite no longer being employed by One Tree Planted.

### Counter-Defendant Hill's Misappropriation of Company Funds

44.     While serving as Chief Executive Officer, President, and Board Member, Counter-Defendant Hill misappropriated One Tree Planted's company funds and exhibited gross misconduct.

45.     Between August 5, 2023 and August 10, 2023, Counter-Defendant Hill transferred account ownership of One Tree Planted's donation processing platform, Shopify, to his personal email account.

46.     Counter-Defendant Hill repeatedly refused to acknowledge One Tree Planted's ownership of One Tree Planted's Shopify account.

47.     Counter-Defendant Hill's conduct resulted in the freezing of more than $1 million in donations for almost a year.

48.     Counter-Defendant Hill's conduct impeded One Tree Planted's ability to perform its mission for almost a year.

49.     After extensive efforts by One Tree Planted, on or about June 12, 2024, Counter-Defendant Hill finally conceded ownership and transferred account ownership of the Shopify account to its rightful owner, One Tree Planted.

50.     Counter-Defendant Hill also used One Tree Planted's company funds for various personal endeavors.

51.     On or about February 16, 2024 Counter-Defendant Hill removed funds from One Tree Planted Canada's bank account to pay his own personal credit card bill.

52.     Counter-Defendant Hill also deposited funds from One Tree Planted Canada's bank account into his personal checking account.

53.     On March 1, 2024 Counter-Defendant Hill transferred CAD $18,114 from One Tree Planted Canada's bank account to his personal bank account.

54.     From on or about May 12, 2020 to on or about December 2023, Counter-Defendant Hill lived in a chalet owned by One Tree Planted for extended periods of time without compensating One Tree Planted or disclosing his use to One Tree Planted.

55.     On or about February 9, 2023 One Tree Planted purchased a Range Rover for the purchase price of CAD $142,619.16.

56.     Counter-Defendant Hill used One Tree Planted's Defender Range Rover, as his primary and sole personal vehicle from the time of purchase until Counter-Defendant Hill sold it on March 21, 2024.

57.     Prior to the purchase of the Range Rover, Counter-Defendant Hill used One Tree Planted's leased Subaru as his primary and sole personal vehicle.

58.     Counter-Defendant Hill charged the cost of his personal phone, internet, social media accounts, including monthly subscriptions to LinkedIn Premium, and entertainment accounts, including monthly subscriptions to Netflix, to One Tree Planted.

59.     Counter-Defendant Hill repeatedly exceeded travel per diems in violation of One Tree Planted's Travel and Expense Policies.

60.     Counter-Defendant Hill charged extravagant travel expenses to One Tree Planted for his own personal benefit during his tenure.

61.     Counter-Defendant Hill's behavior escalated between 2021 and 2023 when he charged multiple personal trips to his work credit card.

62.     In one instance, Counter-Defendant Hill traveled to New York City for Climate Week and stayed in an extravagant and expensive hotel in the SoHo neighborhood.

63.     In 2023 Counter-Defendant Hill spent an extensive amount of time in the Dominican Republic and claimed he was "assessing" the resorts for use as a staff retreat location.

64.     Counter-Defendant Hill repeatedly failed to submit receipts and memorandums to support credit card purchases in compliance with One Tree Planted's Credit Card Policies.

65.     Counter-Defendant Hill's failure to support credit card purchases has resulted in undocumented charges totaling at least $100,000 over the two years preceding Counter-Defendant Hill's termination.

66.     On August 16, 2023, One Tree Planted removed Counter-Defendant Hill's authorization to issue payments or enter into agreements on behalf of One Tree Planted.

67.     After August 16, 2023, Counter-Defendant Hill continued to sign legal documents and to hold himself out to third-parties as being authorized by One Tree Planted when he was not.

68.     On or around December 2023, Counter-Defendant Hill signed sales documents in connection with the sale of One Tree Planted's chalet despite no longer being authorized to enter into agreements on behalf of One Tree Planted.

69.     During his occupancy Counter-Defendant Hill failed to document improvements made to the property which resulted in higher tax charges to One Tree Planted.

70.     Upon information and belief after August 16, 2023, Counter-Defendant Hill reached out to outside counsel Hurwitt & Associates in an attempt to solidify his own position with regard to One Tree Planted's trademarks.

71.     Upon information and belief, Counter-Defendant Hill failed to notify Hurwitt & Associates that he was no longer authorized to act on behalf of One Tree Planted or otherwise direct legal counsel, receive legal advice, or enter into agreements on its behalf.

72.     After August 16, 2023, Counter-Defendant Hill continued to purchase furniture using One Tree Planted's funds, which was delivered to Counter-Defendant Hill's personal address.

73.     Upon information and belief, Counter-Defendant Hill formed a corporation called 9457-0918 Quebec Inc.

74.     Upon information and belief, Counter-Defendant Hill is the sole owner and representative of 9457-0918 Quebec Inc.

75.     After August 16, 2023, Counter-Defendant Hill entered into agreements on behalf of 9457-0918 Quebec, Inc. and falsely represented that 9457-0918 Quebec Inc. is a "dba" of One Tree Planted.

76.     A true and correct copy of an invoice issued to "9457-0918 Quebec Inc. dba One Tree Planted" pursuant to "The Gathering Partnership 20214 per executed MSA signed April 6, 2024" is provided as **Exhibit 2**.

77.     On or around May 22, 2024, counsel for Counter-Defendant Hill informed One Tree Planted that Counter-Defendant Hill had sold One Tree Planted's Range Rover without authorization on March 21, 2024.

78.     Counter-Defendant Hill has not provided the proceeds from the sale of One Tree Planted's Range Rover to One Tree Planted.

**Counter-Defendant Hill's Breach of His Fiduciary Duties**

79.     Counter-Defendant Hill engaged in self-dealing during his time as Chief Executive Officer, President, and Board Member of One Tree Planted.

80.     At the April 12, 2021 Meeting of the One Tree Planted U.S. Board Counter-Defendant Hill expressed an interest in assigning ownership of U.S. Registration Nos. 5803988, 6431349, and 6431379 (collectively the "One Tree Planted Marks") to Counter-Defendant Hill.

81.     Representatives from One Tree Planted's outside counsel Venable LLP attended the May 10, 2021 Meeting of the One Tree Planted U.S. Board Meeting to discuss the implications of the proposed assignment of the One Tree Planted Marks.

82.     One Tree Planted's outside counsel from Venable LLP ultimately expressed concerns regarding the assignment of One Tree Planted's trademarks to Counter-Defendant Hill.

83.     Counter-Defendant Hill sought different outside counsel to assist with the assignment of One Tree Planted's trademarks to Counter-Defendants.

84.     Upon information and belief, Counter-Defendant Hill falsely represented to new outside counsel that he independently designed, developed, and paid for One Tree Planted's trademarks.

85.     On May 31, 2022 a document was purportedly signed by Ian Booler purporting to be acting on behalf of One Tree Planted Inc. and on June 13, 2022 by Counter-Defendant Hill.

86.     The June 13, 2022 document purported to assign the One Tree Planted Marks from One Tree Planted to Counter-Defendant Hill.

87.     At no time was Ian Booler authorized to enter into agreements on behalf of One Tree Planted.

88.     On or about April 22, 2023 a document was purportedly signed by Counter-Defendant Hill and William Russell purporting to be acting on behalf of One Tree Planted, Inc.

89.     The April 22, 2023 document purported to assign the One Tree Planted Marks from One Tree Planted to Counter-Defendant Hill.

90.     At no time was William Russell authorized to enter into agreements on behalf of One Tree Planted.

91.     Counter-Defendant Hill never recorded the assignment with the United States Patent and Trademark Office.

92.     Upon information and belief Counter-Defendant Hill formed the entity One Tree LLC on January 9, 2024.

93.     Upon information and belief Counter-Defendant Hill is the sole member of Counter-Defendant One Tree LLC.

94.     On January 31, 2024 Counter-Defendant Hill recorded an assignment with the United States Patent and Trademark Office of the One Tree Planted Marks from One Tree Planted, Inc. to One Tree LLC.

95.     The assignment was signed by Counter-Defendant Hill purporting to act on behalf of One Tree Planted on January 30, 2024.

96.     Upon information and belief Counter-Defendant Hill acted as the sole representative of One Tree Planted, Inc. and Counter-Defendant One Tree LLC for the January 30, 2024 assignment.

97.     Counter-Defendant Hill's authorization to enter into agreements on behalf of One Tree Planted was revoked on August 16, 2023.

98.     At the time the January 30, 2024 assignment was executed and recorded Counter-Defendant Hill had knowledge of the April 22, 2023 and June 13, 2022 documents.

99.     One Tree Planted never authorized the execution of any agreement assigning its rights in the One Tree Planted trademarks to Counter-Defendant One Tree LLC.

100.    Upon information and belief, Counter-Defendant Hill filed U.S. Serial No. 98425575 on February 28, 2024 in the name of Counter-Defendant One Tree LLC.

101.    U.S. Serial No. 98425575 is a trademark application for ONETREEPLANTED in Classes 35, 36, and 44.

102.    One Tree Planted is the owner and exclusive user of the One Tree Planted trademarks.

103.    Counter-Defendants have no authorization to apply for, file, or use the One Tree Planted trademarks.

104.    Counter-Defendant Hill has engaged in repeated instances of self-dealing when attempting to unlawfully assign the One Tree Planted Marks to his control, by and through Counter-Defendant One Tree LLC, for his own personal benefit.

105.    Upon information and belief, Counter-Defendant One Tree LLC is and has at all relevant times been the alter ego of Counter-Defendant Hill.

106.    Upon information and belief, there exists and has at all relevant times existed a unity of interest between Counter-Defendant One Tree LLC and Counter-Defendant Hill.

107.    Absent piercing of the corporate veil as to Counter-Defendant One Tree LLC, injustice to One Tree Planted would result.

## FIRST COUNTERCLAIM
## FRAUD
### (Against All Counter-Defendants)

108.    One Tree Planted repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

109.    On January 31, 2024 Counter-Defendants recorded an assignment with the United States Patent and Trademark Office assigning the One Tree Planted Marks from One Tree Planted, Inc. to his alter ego, Counter-Defendant One Tree LLC. This assignment was recorded under Reel/Frame 8333/0401.

110.    The assignment was signed by Counter-Defendant Hill purporting to act on behalf of One Tree Planted on January 30, 2024.

111.    Counter-Defendant Hill's authorization to enter into agreements on behalf of One Tree Planted was revoked over five months earlier on August 16, 2023.

112.    Counter-Defendants were aware that Counter-Defendant Hill's authorization to enter into agreements on behalf of One Tree Planted was revoked on August 16, 2023.

113.    Counter-Defendants knowingly submitted materially false documents to the United States Patent and Trademark Office in order to obtain ownership of the One Tree Planted Marks.

114.    Counter-Defendants fraudulently represented to the United States Patent and Trademark Office that Counter-Defendant Hill was an authorized representative of One Tree Planted when he was not.

115.    Counter-Defendants committed fraud on the United States Patent and Trademark Office by signing and submitting the Assignment recorded at Reel/Frame 8333/0401.

116.    Alternatively, Counter-Defendant Hill signed the assignment on behalf of One Tree Planted in order to transfer the One Tree Planted Marks effective January 30, 2024, notwithstanding the fact that at such time, he did not believe One Tree Planted was the owner of the marks because as alleged in the Amended Complaint, Counter-Defendant Hill believed the One Tree Planted Marks were assigned to himself, individually, at some earlier date (pursuant to the purported Agreement).

117.    Insomuch as Counter-Defendants had knowledge of the earlier Agreements (and Assignments contained therein), if they believe that those Agreements are enforceable, they had knowledge (according to those purported Agreements) that One Tree Planted was not the owner

of the One Tree Planted Marks on January 30, 2024 when Counter-Defendant Hill signed a new assignment on behalf of One Tree Planted.

118.     Accordingly, Counter-Defendant Hill knowingly and intentionally signed the January 30, 2024 assignment with the knowledge that the Assignor was not the actual owner of the One Tree Planted Marks at that time.

119.     Counter-Defendants committed fraud on the United States Patent and Trademark Office by signing and submitting the Assignment recorded at Reel/Frame 8333/0401.

120.     On February 28, 2024, Counter-Defendant Hill, by and through his alter ego Counter-Defendant One Tree LLC, further submitted U.S. Trademark Application Serial No. 98425575 to the United States Patent and Trademark Office for ONETREEPLANTED in Classes 35, 36, and 44 in the name of Counter-Defendant One Tree LLC.

121.     In connection with this application, Counter-Defendants submitted specimens of use depicting One Tree Planted's website www.onetreeplanted.org.

122.     One Tree Planted is the rightful owner of the website located at www.onetreeplanted.org and all content found thereon. Counter-Defendants have no lawful, valid ownership interest in www.onetreeplanted.org.

123.     The specimens of use submitted by Counter-Defendants in connection with U.S. Serial No. 98425575 therefore reflect use in commerce of the mark ONETREEPLANTED by One Tree Planted, and not use in commerce by Counter-Defendants.

124.     Counter-Defendants knew and were aware that the specimens of use submitted in connection with U.S. Serial No. 98425575 depicted use in commerce by One Tree Planted, and not use in commerce by Counter-Defendants.

125.    Counter-Defendants knowingly and intentionally submitted materially false specimens of use in support of U.S. Serial No. 98425575 in an attempt to unlawfully procure a registration for the mark ONETREEPLANTED.

126.    Upon information and belief, Counter-Defendants knowingly and intentionally submitted materially false specimens of use in support of U.S. Serial No. 98425575 because Counter-Defendants were not using the ONETREEPLANTED mark in commerce as of the February 28, 2024 application filing date.

127.    Upon information and belief, Counter-Defendants knowingly and intentionally submitted a materially false claimed date of first use in connection with U.S. Serial No. 98425575.

128.    Upon information and belief, Counter-Defendants have never used the trademark ONETREEPLANTED in commerce.

129.    Counter-Defendants knowingly and intentionally submitted U.S. Serial No. 98425575 for the mark ONETREEPLANTED with the knowledge that One Tree Planted is the rightful owner of all rights and title to the mark.

130.    Accordingly, Counter-Defendants committed fraud on the United States Patent and Trademark Office by submitting U.S. Trademark Application Serial No. 98425575 for ONETREEPLANTED, and any specimens of use in connection therewith.

## SECOND COUNTERCLAIM
## CONVERSION
### (Against Counter-Defendant Hill)

131.    One Tree Planted repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

132.    One Tree Planted has a possessory interest in the Defender Range Rover.

133.    Counter-Defendant Hill intentionally exercised dominion over One Tree Planted's Defender Range Rover to the exclusion of One Tree Planted.

134.    On or around May 22, 2024, counsel for Counter-Defendants informed One Tree Planted that Counter-Defendant Hill had sold One Tree Planted's Range Rover without authorization on March 21, 2024.

135.    Despite receiving the May 7, 2024 termination letter Counter-Defendant Hill has refused to return One Tree Planted's Defender Range Rover or the proceeds from the sale of the Defender Range Rover.

136.    As a direct and proximate result of Counter-Defendant Hill's conversion and repudiation of One Tree Planted's rightful ownership of the Defender Range Rover to Counter-Defendant Hill's personal benefit, One Tree Planted has been and will continue to be damaged.

**THIRD COUNTERCLAIM**

**UNJUST ENRICHMENT**

**(Against Counter-Defendant Hill)**

137.    One Tree Planted repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

138.    Counter-Defendant Hill received benefits in the form of money obtained directly or indirectly from One Tree Planted and used for Counter-Defendant Hill's personal expenses.

139.    Counter-Defendant Hill knew that he received the benefit of One Tree Planted funds to pay for personal expenses.

140.    Counter-Defendant Hill's retention of One Tree Planted funds used for personal expenses would be unjust.

141.    As a direct and proximate result of Counter-Defendant Hill's conduct, One Tree Planted has been and will continue to be damaged.

## FOURTH COUNTERCLAIM
## BREACH OF FIDUCIARY DUTY
### (Against Counter-Defendant Hill)

142.    One Tree Planted repeats, realleges, and incorporates by reference each and every

allegation contained in the above paragraphs, as though fully set forth herein.

143.    Counter-Defendant Hill served as the Chief Executive Officer of One Tree

Planted from on or about January 2014 to August 2023.

144.    Counter-Defendant Hill served as President of One Tree Planted from on or about

January 2014 to November 2023.

145.    Counter-Defendant Hill served as Board Member for One Tree Planted from on or

about January 2014 to May 2024.

146.    As the Chief Executive Officer, President, and a Board Member, Counter-

Defendant Hill owed fiduciary duties to One Tree Planted.

147.    While serving as the Chief Executive Officer, President, and a Board Member,

Counter-Defendant Hill had a fiduciary duty of loyalty to One Tree Planted. As part of his

fiduciary duty of loyalty, Counter-Defendant Hill was required to act at all times in the best

interests of One Tree Planted and to refrain from self-dealing as to the management and use of

One Tree Planted property and funds.

148.    While serving as the Chief Executive Officer, President, and a Board Member,

Counter-Defendant Hill had a fiduciary duty of good faith to One Tree Planted. To satisfy his

duty of good faith, Counter-Defendant Hill was required to deal with One Tree Planted in good

faith and with conscientious fairness, morality, and honesty.

149.    While serving as the Chief Executive Officer, President, and a Board Member,

Counter-Defendant Hill had a fiduciary duty of due care to One Tree Planted. The duty of due

care required Counter-Defendant Hill to, among other things, make decisions and take actions that protect and preserve the One Tree Planted assets, manage One Tree Planted income, expend One Tree Planted funds responsibly and refrain from wasting or wrongfully diminishing One Tree Planted assets or appropriating such assets for his own use.

150.     Counter-Defendant Hill breached his fiduciary duties of loyalty, good faith, and due care owed to One Tree Planted through the actions and omissions described above, including by, *inter alia*, his misappropriation of company assets and self-dealing to his own benefit.

151.     Specifically, Counter-Defendant Hill breached his fiduciary duties to One Tree Planted by:

    a.  Registering the Operational Accounts in his name despite the Operational Accounts being acquired at One Tree Planted's behest and using One Tree Planted funds;

    b.  Registering the Domain Names in his name without authorization;

    c.  Transferring One Tree Planted's Shopify account to his personal email account;

    d.  Living in a chalet owned by One Tree Planted for extended periods of time without authorization;

    e.  Using One Tree Planted's vehicles as his primary personal vehicles;

    f.  Paying his personal phone, entertainment, and social media bills using One Tree Planted funds;

    g.  Exceeding travel per diems without authorization;

    h.  Using One Tree Planted's funds to pay for extravagant travel expenses without authorization;

i.  Purchasing furniture for personal use after his authorization to make purchases on behalf of One Tree Planted was revoked;

j.  Incurring at least $100,000 in undocumented credit card purchases during the two years preceding his termination.

152.    Counter-Defendant Hill is personally liable for the above-described violations of his fiduciary obligations owed to One Tree Planted.

153.    As a direct and proximate result of Counter-Defendant Hill's unlawful conduct, One Tree Planted has been and will continue to be damaged.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, One Tree Planted prays for the following relief:

A.  That Judgment be entered in favor of One Tree Planted and against Counter-Defendants on each and every count of the Amended Complaint and on each and every count of its Counterclaims;

B.  That Judgment be entered ordering Counter-Defendant Hill to transfer the Defender Range Rover and/or all funds received from the sale of the Defender Range Rover to One Tree Planted;

C.  That Judgment be entered ordering Counter-Defendant Hill to transfer the Domain Names to One Tree Planted's exclusive control;

D.  That Judgment be entered ordering Counter-Defendants to assign U.S. Registration Nos. 6431349, 5803988, and 6431379 and U.S. Serial No. 98425575 to One Tree Planted;

E.  That Judgment be entered awarding One Tree Planted damages to the full extent provided by Vermont common law;

F.  That One Tree Planted be awarded interest, costs, and attorneys' fees in this action; and

G.  That One Tree Planted be awarded such other and further relief as the Court may deem
just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure One Tree Planted
respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: October 11, 2024

By:   /s/ Lisa B. Shelkrot

Lisa B. Shelkrot
Langrock Sperry & Wool
210 College Street
Suite 400
Burlington, VT 05401
Telephone: (802) 864-0217, ext. 302
Facsimile: (802) 864-0137
lshelkrot@langrock.com

Roger A. Colaizzi*
Calvin R. Nelson*
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4684
Facsimile: (202) 344-8300
RColaizzi@Venable.com
CRNelson@venable.com

Sara R. Krastins*
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 370-6270
Facsimile: (212) 307-5598
SRKrastins@venable.com

Attorneys for Defendant One Tree Planted,
Inc.

*pro hac vice granted