## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF VERMONT

| | |
|---|---|
| ------------------------------------------------------ X | |
| Matthew Hill and One Tree LLC, : | |
| : | Case No.: 2:24-cv-00547-gwc |
| Plaintiffs, : | |
| v. : | |
| : | |
| One Tree Planted, Inc., : | |
| : | |
| Defendant. : | |
| ------------------------------------------------------ X | |

## PLAINTIFFS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS

Plaintiffs, Matthew Hill and One Tree LLC ("Plaintiffs" or "Plaintiff") by and through their attorneys, Primmer Piper Eggleston & Cramer PC, hereby answer Defendant One Tree Planted, Inc.'s ("Defendant" or "OTP") Amended Counterclaims in the above-captioned matter as follows.

## GENERAL DENIAL

Except as expressly admitted, qualified, or explained, Plaintiffs deny each and every allegation in Defendant's Counterclaim.

## SPECIFIC RESPONSES
## THE PARTIES

1. Admits.

2. Admits.

3. Admits.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is required; however, Plaintiffs do not dispute the Court's jurisdiction.

5. Paragraph 5 states a legal conclusion to which no response is required; however, Plaintiffs do not dispute the Court's jurisdiction.

6. Paragraph 6 states a legal conclusion to which no response is required; however, Plaintiffs do not dispute the Court's jurisdiction.

7. Denies as stated and denies that Plaintiffs caused any harm to OTP; otherwise, paragraph 7 states a legal conclusion to which no response is required. Plaintiffs, however, do not dispute venue.

## FACTUAL BACKGROUND

8. Admits.

9. Denies knowledge or information sufficient to admit or deny the allegations of paragraph 9 since May 1, 2024 when Plaintiff was terminated from OTP; otherwise does not dispute the allegations.

10. Denies knowledge or information sufficient to admit or deny the allegations of paragraph 10 since May 1, 2024 when Plaintiff was terminated from OTP; otherwise does not dispute the allegations.

11. Denies that all projects are large-scale. Furthermore, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024 when Plaintiff was terminated from OTP. Plaintiff otherwise admits the allegations.

12. Denies that all projects had the same intended benefit. Furthermore, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024 when Plaintiff was terminated from OTP. Plaintiff otherwise admits the allegations.

13. Denies that all projects had the same intended benefit. Furthermore, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024 when Plaintiff was terminated from OTP. Plaintiff otherwise admits the allegations.

14. Admits urban forestry projects can help maintain the health of cities and their inhabitants, but lacks knowledge or information sufficient to admit or deny whether such projects are "essential." Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 2024.

15. Admits this is an accurate statement until May 1, 2024. Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024 due to his termination.

16. Denies.

17. Admits.

18. Denies.

19. Denies.

20. Denies. Plaintiff stepped down as President effective November 27, 2023 but remained as Founder, Chief Environmental Evangelist, and Board Director.

21. Denies.

**Alleged Misappropriation of One Tree Planted's Operational Accounts**

22. Admits this is an accurate statement until May 1, 2024, Plaintiff lacks knowledge or information sufficient to admit or deny the statement's accuracy after May 1, 2024.

3

23. Denies.

24. Plaintiff denies that registration was done without authorization. Plaintiff admits that the domain names in Exhibit 1 were registered by Plaintiff.

25. Admits.

26. Admits.

27. Admits although denies any wrongdoing.

28. Denies.

29. Admits that Plaintiff removed Defendant's access to the Domain Names, but denies any wrongdoing.

30. Admits.

31. Admits.

32. Plaintiff admits that he retains registration, ownership, and control, but denies any wrongdoing.

33. Denies.

34. Denies.

35. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 35.

36. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 36.

37. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 37.

38. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 38.

39.    Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 39.

40.    Admits that Plaintiff has not transferred the Domain Names. Plaintiff has transferred the Operational Accounts.

41.    Denies.

42.    Denies, however, admits that Plaintiff transferred the Operational Accounts.

43.    Admits that Plaintiff continues to hold the Domain Names and denies any wrongdoing.

## **Alleged Misappropriation of Company Funds**

44.    Denies.

45.    Denies.

46.    Denies. Further, Plaintiff states that Plaintiff never claimed the funds in the account and the account was transferred to OTP.

47.    Denies.

48.    Denies.

49.    Denies, however, admits that the account was transferred to OTP.

50.    Denies.

51.    Denies any wrongdoing by Defendant or that any funds were misappropriated. The funds were promptly returned unilaterally.

52.    Denies any wrongdoing by Defendant or that any funds were misappropriated. The funds were promptly returned unilaterally.

53.    Denies any wrongdoing by Defendant or that any funds were misappropriated. The funds were promptly returned unilaterally.

54. Denies.

55. Admits.

56. Denies.

57. Denies.

58. Denies.

59. Denies.

60. Denies.

61. Denies.

62. Denies.

63. Denies

64. Denies.

65. Denies.

66. Deny as stated. Admit only that Defendant removed Plaintiff's authorization to issue payments and further states that Plaintiff was confirmed as President and founder of OTP in September 2023.

67. Denies.

68. Denies.

69. Denies.

70. Denies, except admits to reaching out to OTP's counsel.

71. Denies.

72. Denies.

73. Admits.

74. Admits.

75. Denies.

76. Denies as stated and denies any wrongdoing. The invoice was incorrectly invoiced to "9457-0918 Quebec Inc. d.b.a. One Tree Planted" and was never charged to or paid by Defendant.

77. Denies.

78. Admits.

## Alleged Breach of Fiduciary Duties

79. Denies.

80. Admits.

81. Admits.

82. Denies.

83. Denies.

84. Denies.

85. The allegations in paragraph 85 are incomprehensible and are denied.

86. Denies. The referenced marks were assigned.

87. Denies.

88. The allegations in paragraph 88 are incomprehensible and are denied.

89. Denies. The referenced marks were assigned.

90. Denies.

91. Denies.

92. Admits.

93. Admits.

94. Admits.

95. Plaintiff denies that he was not authorized to assign the referenced Marks.

96. Plaintiff denies that he was not authorized to assign the referenced Marks and, otherwise, admits that the Marks were assigned.

97. Denies.

98. The referenced documents are not adequately identified and the allegations are therefore denied.

99. Denies.

100. Admits.

101. Admits.

102. Denies.

103. Denies.

104. Denies.

105. Paragraph 105 states a legal conclusion to which no response is required; otherwise, Plaintiffs state that Matt Hill is the sole member of One Tree LLC.

106. Paragraph 106 states a legal conclusion to which no response is required; otherwise, Plaintiffs state that Matt Hill is the sole member of One Tree LLC.

107. Denies.

## First Counterclaim - Fraud

108. Plaintiffs repeat, reallege, and incorporate by reference each response contained in the above paragraphs, as though fully set forth herein.

109. Admits as to the recording of the assignment; otherwise, Paragraph 109 states a legal conclusion to which no response is required.

110. Plaintiff admits that his actions were authorized.

111. Denies.

112. Denies.

113. Denies.

114. Denies.

115. Denies.

116. Denies.

117. Denies.

118. Denies.

119. Denies.

120. Admits as to the applications; otherwise, Paragraph 120 states a legal conclusion to which no response is required.

121. Admits.

122. Denies.

123. Calls for legal conclusion, therefore denies; further, OTP's use of the Marks is pursuant to a license and agreement between the parties.

124. Plaintiffs admit that OTP's use of the Marks is pursuant to a license and agreement between the parties.

125. Denies.

126. Denies.

127. Denies.

128. Denies.

129. Denies.

130. Denies.

## Second Counterclaim – Conversion

131. Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

132. Calls for legal conclusion, therefore denies.

133. Denies.

134. Denies.

135. Admits proceeds have not been turned over and denies any wrongdoing by Plaintiff.

136. Denies.

## Third Counterclaim – Unjust Enrichment

137. Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

138. Denies.

139. Denies.

140. Denies.

141. Denies.

## Fourth Counterclaim – Breach of Fiduciary Duty

142. Plaintiff repeats, realleges, and incorporates by reference each response contained in the above paragraphs, as though fully set forth herein.

143. Admits Plaintiff served as CEO from on or about January 2014 until at least August 2023.

144. Admits that Plaintiff served as President from on or about January 2014 until he stepped down from his role effective November 27, 2023.

145. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 145.

146. Admits.

147. This paragraph calls for a legal conclusion to which no response is required; otherwise, Plaintiff generally admits to owing a fiduciary duty to OTP.

148. This paragraph calls for a legal conclusion to which no response is required; otherwise, Plaintiff generally admits to owing a fiduciary duty to OTP.

149. This paragraph calls for a legal conclusion to which no response is required; otherwise, Plaintiff generally admits to owing a fiduciary duty to OTP.

150. Denies.

151. Denies.

152. Denies.

153. Denies.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Defendant's Counterclaims against Plaintiff fail to state a claim for which relief can be granted.

### Second Affirmative Defense
### (Consent)

Defendant's Counterclaims against Plaintiff are barred because Defendant consented to Plaintiff's actions.

### Third Affirmative Defense
### (Unclean Hands)

Defendant's Counterclaims are barred as Defendant has unclean hands given its failure to recognize the Agreement, lack of cooperation, and overall bad faith.

### Fourth Affirmative Defense
### (Accord & Satisfaction)

Plaintiff has already paid to Defendant all sums due and owing therefore Defendant has agreed to the terms between the parties and suffered no actual injury.

### Fifth Affirmative Defense
### (Breach of Fiduciary Duties)

Defendant, by its conduct and actions and/or the conduct and actions of its agents and servants, breached its fiduciary duties to One Tree Planted, and thereby cannot recover in this action.

### Sixth Affirmative Defense
### (Lack of Standing)

Defendant lacks standing to assert one or more Counterclaims in this action.

### Seventh Affirmative Defense
### (Estoppel)

Defendant, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against Plaintiff.

### Eighth Affirmative Defense
### (Acquiescence)

Defendant's Counterclaims are barred, in whole or in part, by the equitable doctrine of acquiescence because Defendant led Plaintiff to believe that it had no objection to Plaintiff's authority, actions and ownership and assignment of the Trademarks.

### Ninth Affirmative Defense
### (Waiver)

Defendant, by its conduct and actions or the conduct and actions of its agents and servants, has waived some or all rights it may have against Plaintiff, and, therefore, Defendant cannot recover in this action.

### Tenth Affirmative Defense
### (Failure to Plead Fraud with Particularity)

Defendant's Counterclaims for fraud are barred because it failed to plead fraud with particularity.

### Eleventh Affirmative Defense
### (Breach of Contract)

Defendant breached the terms and conditions of the Agreement alleged, and, therefore, cannot thereby recover.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant as follows:

   A. That the Court dismiss Defendant's Counterclaims with prejudice;

   B. That the Court grant the relief prayed for in the Complaint;

   C. That Plaintiffs recover reasonable fees, expenses, and costs; and

   D. Such other and further relief as the Court may deem just and proper.

**Plaintiff demands a jury on all claims raised in this Action.**

Dated:  February 11, 2025.                PRIMMER PIPER EGGLESTON & CRAMER PC

                                                        By:   */s/ Gary Franklin*
                                                                 Gary Franklin, Esq.
                                                                 Madison Prokott, Esq.
                                                                 30 Main Street, Suite 500
                                                                 P.O. Box 1489
                                                                 Burlington, VT  05402-1489
                                                                 (802) 864-0880
                                                                 gfranklin@primmer.com
                                                                 mprokott@primmer.com

                                                               *Attorneys for Matthew Hill*